UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH ANN FULGENCIO,

    Plaintiff,

v.

                                                              Civil Case No. 21-10712
                                                              Honorable Linda V. Parker

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S DECEMBER 22, 2021, REPORT AND RECOMMENDATION (ECF NO. 14) AND DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**

On March 30, 2021, Judith Ann Fulgencio ("Plaintiff") filed this lawsuit challenging a final decision of the Acting Commissioner denying Plaintiff's application for social security benefits. (ECF No. 1.) On June 4, 2021, Defendant filed a motion to dismiss. (ECF No. 7.) On June 29, 2021, this Court referred the lawsuit to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

On December 22, 2021, Magistrate Judge Altman issued an R&R recommending that this Court deny Defendant's motion. (ECF. No. 14.) After

receiving an extension of time to do so, Defendant filed objections to the R&R on January 5, 2022. (ECF No. 16.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Nevertheless, the Court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147. Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments

previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

As an initial matter, Defendant concedes that there are no objections to the R&R regarding what was at issue before Magistrate Judge Altman—whether Plaintiff has Article III standing to challenge the constitutionality of the denial of her social security benefits—or no objections to the Court entering an order adopting the R&R and denying the partial motion to dismiss. (ECF No. 16 at Pg ID 110.) However, Defendant asserts that the objections are proffered to preserve her ability to challenge portions of Magistrate Judge Altman's rationale later in the litigation.

First, Defendant objects to Magistrate Judge Altman's "ruling" that 42 U.S.C. § 902(a), or the statutory restriction on removal of the Commissioner of Social Security, applies to an Acting Commissioner of Social Security. However, this Court does not read Magistrate Judge Altman's R&R to make any ruling on the interpretation of *Dante v. Saul*, No. 20-0702 KBM, 2021 WL 2936576 (D.

N.M. July 13, 2021), specifically regarding the application of § 902(a). Rather, the Court reads the R&R to agree with the *Dante* court's overall conclusion that the plaintiff in that case, and as such, Plaintiff here, has demonstrated traceability for purposes of standing. (*See* ECF No. 14 at Pg ID 95.) The Court does acknowledge Defendant's objection and preserves it for renewal later in the litigation.

Second, Defendant objects to the R&R regarding the "ruling" that "Plaintiff could potentially establish injury without showing that the restriction on removal of the Commissioner had any impact on the ALJ's decision in her case." Specifically, Defendant maintains that "Plaintiff's constitutional claim does not arise under the Appointments Clause, however, but is premised instead on the restrictions on the President's authority to remove the Commissioner." Again, this argument goes to the merits of Plaintiff's claims and may be preserved for future briefing, which provides Plaintiff with the opportunity to respond accordingly.

## Conclusion

For the reasons set forth above, the Court acknowledges Defendant's objections but is adopting the recommendations in Magistrate Judge Altman's R&R.

Accordingly,

**IT IS ORDERED** that Defendant's partial motion to dismiss (ECF No. 7) is

**DENIED**.

                                                     s/ Linda V. Parker
                                                     LINDA V. PARKER
                                                     U.S. DISTRICT JUDGE

Dated: February 8, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 8, 2023, by electronic and/or U.S. First Class mail.

                                                     s/Aaron Flanigan
                                                   Case Manager